IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES C. PAFFORD                                                                                                  PETITIONER

v.                                              Case No. 4:19-cv-04142

WENDY KELLEY, Director,                                                                               RESPONDENT
Arkansas Department of Correction

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner is James C. Pafford ("Pafford"). On April 15, 2020, Pafford, through counsel, filed the current Emergency Motion for Compassionate Early Release, or Motion for Appeal Bond, or Motion for Medical Furlough. ECF No. 8. On April 28, 2020, the response was filed. ECF No. 9.

This Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Motion, Response, and all exhibits submitted and finds as follows:

**A.     Procedural Background**:[1]

Pafford is an inmate incarcerated in the Arkansas Department of Correction ("ADC"), having been convicted of two counts of rape and two counts of second-degree sexual assault of a twelve-year-old child. ECF No. 7-2 at 188-192. Pafford was sentenced to twenty-five (25) years imprisonment in ADC on each rape count and five (5) years for each conviction of sexual assault. *Id.* Pafford's rape sentences were ordered to run consecutively while his sexual assault sentences were ordered to run concurrently for an aggregate term of 50 years. *Id.* Pafford was sentenced on February 16, 2016. *Id.*

---

[1]The procedural background is taken from the Motion, Response, all the attached exhibits, and matters of public record regarding this case.

At Pafford's trial, the victim testified to the sexual abuse he suffered in Pafford's home. ECF No. 7-2 at 13-14. Additionally, three other victims testified to the sexual advances and abuses they suffered at Pafford's hands in his home. *Id.* at 581-583, 621-624, 742-755. His convictions were affirmed on direct appeal. *Pafford v. State,* 2017 Ark. App. 700, 537 S.W.3d 302 (2017). His denial of post-conviction relief was affirmed in *Pafford v. State,* 2019 Ark. App. 195, 574 S.W.3d 735 (2019).

On November 14, 2019, Pafford, through counsel, filed the pending Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 (2019). ECF No. 1. Respondent filed a response on January 15, 2020. ECF No. 7. The request for *habeas corpus* relief remains pending before this Court. The Motion currently before the Court is Pafford's Emergency Motion for Compassionate Early Release, or Motion for Appeal Bond, or Motion for Medical Furlough.[1] ECF No. 9.

**B.    Discussion**:

Pafford claims he is entitled to compassionate early release, an appeal bond, or a medical furlough due to his risk of exposure to COVID-19 or the coronavirus. ECF No. 8. Pafford claims he is at high-risk for contracting this virus as an incarcerated individual; and if he were to contract this virus, he would likely develop dangerous complications.

Notably, he claims he is a seventy-six (76) year-old Type 2 diabetic who suffers from high blood pressure, thyroid issues, and had open heart surgery in 2005. Pafford also claims his "physical mobility is so weakened that in order to walk he must use a standard walker with wheels," he has chronic neck and back pain, and he was prescribed and takes nine (9) different medications on a daily basis to manage his health. Pafford is being housed in the ADC's Ouachita

---

[1] Although Pafford does not provide a specific provision he is requesting relief under (instead, he denotes it as "the Great Writ"), it appears he is seeking relief under 28 U.S.C. § 2254. Because there does not appear to be any other provision that is applicable, the Court will consider it under 28 U.S.C. § 2254.

River Unit in Malvern, Arkansas, and he claims he has an increased risk of contracting COVID-19 or the coronavirus in that setting.

Pafford seeks one of the following: (1) a compassionate early release; (2) an appeal bond pending his *habeas* appeal; or (3) a medical furlough. The Court will address each of these.

**1. Compassionate Early Release**

Upon review of his briefing, Pafford seeks a compassionate early release pursuant to the Eighth Amendment because he claims his continued incarceration "constitutes cruel and unusual punishment." ECF No. 8 at 6-8. To demonstrate an Eighth Amendment violation, Pafford must show more than a speculative claim that he could contract COVID-19 or the coronavirus. *See, e.g., Helling v. McKinney,* 509 U.S. 25, 28 (1993) (requiring a demonstration of "unreasonable risk of serious damage" to future health to state a cause of action under the Eighth Amendment).

Indeed, under facts very similar to these, courts in the Eastern District of Arkansas have found the possibility of contracting the COVID-19 virus did not mandate pre-trial release in Federal criminal cases. *See United States v. Villagran,* 2020 WL 1862188, at *1 (E.D. Ark. April 13, 2020); *United States v. Lunnie,* 2020 WL 1644495, at *1 (E.D. Ark. April 2, 2020). Likewise, such a possibility did not require a sentence reduction. *See United States v. Keller,* 2020 WL 1966916, at *1 (W.D. Ark. April 2, 2020). As with *Helling,* the standard for stating a cause of action under the Eighth Amendment requires a demonstration of "*unreasonably* high levels" of exposure to a given pathogen or environmental hazard.

In the present action, there has been no such demonstration. In fact, Pafford has provided no demonstration that he has any increased risk of contracting COVID-19 or the coronavirus in the Ouachita River Unit. His generalized fear and speculation on this issue does not entitle him to the relief he has requested. This is especially true since Pafford has served less than five years of

3

his fifty-year sentence; and while he claims he would be no danger to society if released, he also states he would "reside with his wife in Hope, Arkansas." ECF No. 8 at 7. As noted above, Pafford's residence is exactly where his crimes occurred.

Finally, the Court notes the State of Arkansas has taken several steps to limit or slow the spread of COVID-19 within the ADC. *See* ECF No. 9 at 8-10. It is also important to note there have been, at the time of the pleadings filed in this matter, no positive cases of COVID-19 identified at the facility where Pafford is incarcerated. Thus, the Court cannot find Pafford is entitled to early compassionate release.

### 2. Release on Bail or Bond

As an alternative relief, Pafford seeks release on bond or bail while his *habeas* petition is pending in this Court. As recognized by Respondent, however, such relief is given very sparingly: "it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *See, e.g., Lee v. Jabe,* 989 F.2d 869, 871 (6th Cir. 1993). The power to release a state prisoner on bond pending a decision on his petition for a writ of *habeas corpus* is exceedingly limited. *See Martin v. Solem,* 801 F.2d 324, 329-330 (8th Cir. 1986).

In *Martin,* the Eighth Circuit provides the standard for such relief. As provided in that case, "[r]elease on bail pending disposition of the habeas petition, or pending appeal, requires the habeas petitioner to show not only a *substantial federal constitutional claim* that 'presents not merely a clear case on the law, but a clear, and readily evident, case on the facts.'" *Id.* at 329 (emphasis added). "Habeas petitioners are *rarely* granted release on bail pending disposition or pending appeal." *Id* (emphasis added).

4

In the present action, Pafford has not demonstrated a substantial federal constitutional claim in either his original *habeas* petition or with the current motion. As noted by Respondent, Pafford's ineffective assistance of counsel claims stated in his original *habeas* petition are either entitled to deference under § 2254(d) or may be procedurally defaulted.[2] Furthermore, as outlined in further detail above, Pafford has not demonstrated an Eighth Amendment violation such that he is entitled to relief with his current motion. Thus, the Court cannot find Pafford has met the standard for bond as established by *Martin*.

### 3. Medical Furlough

Pafford also seeks a medical furlough due to COVID-19. Pafford seeks this relief because he claims he "faces a steeply heightened risk of serious illness or death if he contracts COVID-19." ECF No. 8 at 2. Pafford claims the fact he is housed in facility increases his risk of contracting COVID-19. As noted above, however, Pafford has not demonstrated that there is any increased risk of contracting COVID-19 at the Ouachita River Unit or that there are any cases at that unit.

Notably, Pafford cites *United States v. Pedro Muniz,* 4:09-CR-0199 (ECF No. 578) (S.D. Tex.) to support his claim for early release or furlough. However, in that case, even Pafford recognizes "the presence of covid-19 at the North Carolina prison" was a factor in the decision to release the defendant. In this case, there has been no demonstration of even the presence of COVID-19 in the Ouachita Unit. Accordingly, the Court finds no basis for a medical furlough or medical release.[3]

### C. **Conclusion**:

Based upon the foregoing, the Court finds Pafford's Emergency Motion for Compassionate

---

[2] The Court will rule on the merits of Pafford's claim when it addresses the original 2254 Petition.
[3] The Court makes no decision here regarding its authority to order a medical furlough for a state prisoner, but rather finds, currently, there is no basis for such furlough.

Early Release, or Motion for Appeal Bond, or Motion for Medical Furlough (ECF No. 8) should be **DENIED IN ITS ENTIRETY.** Pafford's 2254 Petition (ECF No. 1) will be addressed at a later time and in a separate report and recommendation.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED this 11th day of May 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE