IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES C. PAFFORD                                                          PETITIONER

v.                               Case No. 4:19-cv-04142

WENDY KELLEY, Director,                                                  RESPONDENT
Arkansas Department of Corrections


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner is James C. Pafford ("Pafford").  On November 14, 2019, Pafford filed the current Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Respondent Kelley filed a response on January 15, 2020.  ECF No. 7.  The Court then ordered Pafford to reply to this response.  ECF No. 12.  On June 29, 2020, Pafford timely filed this reply.  ECF No. 14.  This matter is now ripe for consideration.

This Petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.  The Court has reviewed the Petition, Response, Reply, and all exhibits submitted and finds this Petition should be **DENIED.**

A.   **Procedural Background**:[1]

Pafford is an inmate incarcerated in the Arkansas Department of Corrections ("ADC"). ECF No. 7-2 at 188-192.  After a jury trial, Pafford was convicted of two counts of rape and two counts of second-degree sexual assault of a twelve-year-old child.  ECF No. 7-2 at 188-192. Pafford was sentenced to twenty-five (25) years imprisonment in ADC on each rape count and five (5) years for each conviction of sexual assault.  *Id.*  Pafford's rape sentences were ordered to run

---

[1]The procedural background is taken from the Petition, Response, Reply, all the attached exhibits, and matters of public record regarding this case.

consecutively while his sexual assault sentences were ordered to run concurrently for an aggregate term of 50 years. *Id.* Pafford was sentenced on February 16, 2016. *Id.*

Pafford appealed his conviction. *Pafford v. State of Ark. ("Pafford I"),* 2017 Ark. App. 700, 537 S.W.3d 302 (2017). In his direct appeal, Pafford raised the following four claims: (1) juror misconduct on the part of Juror James prejudiced his chances of a fair trial; (2) the circuit court erred by allowing expert testimony from Odia Russette concerning the truthfulness of the victim's statements; (3) the circuit court erred by allowing the photo of Pafford's penis into evidence; and (4) the circuit court erred by not granting his new trial motion based on his ineffective assistance of counsel claims concerning the failure to object to portions of a witness's testimony. *Id.* This appeal was denied in its entirety. *Id.* Pafford sought review of that decision, and that review was denied by the Arkansas Supreme Court on March 29, 2018. ECF No. 1 at 72.[1]

Pafford sought post-conviction relief in Arkansas state court, and his denial of post-conviction relief was affirmed in *Pafford v. State of Ark. ("Pafford II"),* 2019 Ark. App. 195, 574 S.W.3d 735 (2019). On November 14, 2019, Pafford, through counsel, timely filed a Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. ECF No. 1. This is the matter currently before the Court, and it is ripe for consideration.

**B.** **Instant Motion**:

Pafford raises thirteen (13) claims in his Petition. ECF No. 1 at 1-48. These claims can be summarized as follows[2]:

1. Ineffective assistance of trial counsel for failing to object to the jury panel and to two "obviously biased" jurors thereby failing to properly preserve the issue for appeal;

---

[1] Pafford references the relevant court documents as "Exhibit A," but there is no "Exhibit A" attached as a separate exhibit. It appears Pafford is referring to the documents filed at the end of his Petition. Thus, the Court will refer to those page numbers and not to separate exhibit numbers.
[2] In his reply brief, Pafford agrees to this characterization of his claims. ECF No. 14. Because his initial brief was forty-eight pages and does not specifically and separately list the precise issues being raised, the Court will use this list.

2. Ineffective assistance of trial counsel for failing to "take appropriate steps" to prohibit the introduction of "highly inflammatory photos[3]";

3. Ineffective assistance of trial counsel for missing the deadline imposed by the trial court for submitting a witness list;

4. Ineffective assistance of trial counsel for failing "to properly exclude"[4] the state's expert witness from "testifying in a manner suggesting to the jury it was her expert opinion the victim was being truthful";

5. Ineffective assistance of trial counsel for failing to contact "several witnesses";

6. Ineffective assistance of trial counsel because he made "no attempt" to interview the victim's psychological counselor;

7. Ineffective assistance of trial counsel because he told the jurors they needed to hear "both sides" when he knew "full well Plaintiff was not going to testify";

8. Ineffective assistance of trial counsel for failing to introduce his custodial interview wherein he "repeatedly denied any criminal conduct";

9. Ineffective assistance of trial counsel for questioning the victim about why he had contact with Pafford if he had been warned about him;

10. Ineffective assistance of trial counsel for failing to "take steps both pre-trial and during trial to prohibit a State's witness from testifying about other victims who did not want to come forward";

11. Ineffective assistance of appellate counsel;

12. Ineffective assistance of post-conviction counsel; and

13. Arkansas's procedural scheme for post-conviction relief fails to provide due process in violation of the Fourteenth Amendment.

Respondent has addressed each of these issues and claims Pafford is not entitled to relief as to any of these claims. ECF No. 7.

---

[3] Based upon the record and briefing in this matter, it appears there is only one photo in dispute. Thus, the Court will presume Pafford intended to claim "photo" and not "photos."

[4] The Court presumes Pafford's claim is that trial counsel was ineffective for failing to object to the introduction of this evidence. Obviously, the trial court (not trial counsel) would make the decision of whether to "exclude" certain evidence.

C. **<u>Discussion</u>**:

Pafford's thirteen arguments can be placed into three categories: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate and post-conviction counsel; and (3) denial of procedural and substantive due process. ECF No. 1. The Court will address these groups together.

**1. Ineffective Assistance of Trial Counsel**

Pafford raises ten claims for ineffective assistance of trial counsel. ECF No. 1 at 1-48. The Court will address each of these individually.

**A. Claim #1: Juror Misconduct**

Pafford claims his trial counsel was ineffective for failing to object to two specific jurors (Juror James and Juror Stroud) and by failing to object to the jury panel as a whole. ECF No. 1 at 3. First, as for Juror James, Pafford claims Juror James was acquainted with him because her mother had worked for his business in Hope. *Id.* at 21-22. Pafford claims Juror James had other connections also, but Juror James did not disclose that information. *Id.* Pafford claims this was juror misconduct. *Id.*

As a part of his direct appeal, Pafford specifically raised the issue of Juror James's juror misconduct, and the Arkansas Court of Appeals directly addressed this issue. *Pafford I,* 2017 Ark. App. 700, 537 S.W.3d at 309 The Court of Appeals found this issue was not preserved for appeal because trial counsel did not object to Juror James; but even if it had been preserved, the Court found it was meritless because Pafford "fails to justify any misconduct and merely repeats unfounded accusations that require speculation." *Id.* Accordingly, that court found no juror misconduct. *Id.*

Because the Arkansas Court of Appeals found Pafford had failed to properly preserve this error for appeal, this Court cannot address the issue of Juror James at this juncture because such an issue is procedurally defaulted. *See McCall v. Benson,* 114 F.3d 754, 757 (8th Cir. 1997) (recognizing "[i]f state procedural rules prevent the petitioner from obtaining such a hearing [from state court], then the petitioner is also procedurally barred from obtaining habeas relief in federal court unless he can demonstrate either cause and actual prejudice, or that a miscarriage of justice will occur if we do not review the merits of the petition").

To avoid this procedural default bar, Pafford argues an exception applies under the Supreme Court's decisions in *Trevino v. Thaler,* 569 U.S. 413 (2013) and *Martinez v. Ryan,* 566 U.S. 1 (2012). In general terms, the Supreme Court recognized in those cases that if trial counsel is ineffective, a defendant should not be penalized for his trial counsel's procedural default. The first question in considering this issue is if the Pafford's trial counsel was ineffective. To consider this issue, the Court must apply the standard from *Strickland v. Washington,* 466 U.S. 668 (1984). In order to prevail on a claim for ineffective assistance of counsel, Pafford must show his attorney's performance was "deficient," and that the deficient performance was "prejudicial." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The burden of proving ineffective assistance of counsel is on the defendant. *See United States v. Chronic,* 466 U.S. 648, 658 (1984).

To determine whether Pafford's counsel was ineffective, the Court must first consider whether his performance was deficient in failing to object to Juror James. Pafford claims Juror James repeatedly misled the circuit court regarding her connection to Pafford.[5] ECF No. 1 at 21-22. Pafford claims Juror James "told the trial judge that she was not truthful during voir dire," and

---

[5]Having reviewed Pafford's briefing, Pafford does not supply a basis or citation for his claim that Juror James intentionally misled the circuit court.

"[s]he in fact did know the defendant, even though she told the court she didn't." *Id.* Pafford also claims Juror James "continued to state at trial she did not know Pafford." *Id.*

Respondent disputes these allegations and the facts as stated by Pafford. ECF No. 7 at 27-29. Respondent claims that following jury selection, but prior to the first witness being called, Juror James *approached* the circuit court and both parties and explained that she remembered her mother once worked for Pafford's business. ECF No. 7-2 at 526. Following further inquiry, including questions asked by Pafford's attorney as to whether the new information would change any answers she had already given, she was deemed to be acceptable by both parties. ECF No. 7-2 at 527-528.

Pafford indicates Juror James misled the trial court but even the trial court judge stated Juror James was "straightforward [in] coming us." ECF No. at 528. On direct review, the Arkansas Court of Appeals likewise found "[Juror] James, on her own, brought the connection to the court's attention rather than covering up the relationship." *Pafford I,* 2017 Ark. App. 700, 537 S.W.3d at 309. Accordingly, the Court cannot find Pafford's counsel was deficient for failing to object to her service on the jury; or, even if he was deficient, Pafford has not demonstrated any prejudice. Thus, the Court cannot find this procedural default can be excused by a demonstration of cause and actual prejudice. Likewise, Pafford has not demonstrated a miscarriage of justice will occur if this relief is not granted.

In his reply brief, Pafford claims a failure to object to juror misconduct is prejudice *per se*. ECF No. 14 at 8. Pafford cites *Miller v. Dormine,* 310 F.3d 600 (8th Cir. 2002) and *Miller v. Webb,* 385 F.3d 666 (6th Cir. 2004)[6] to support his claim. *Miller v. Dormine* is not applicable to this issue at all as trial counsel *waived* the defendant's right to a jury trial. Furthermore, in *Miller*

---

[6] Pafford claims *Miller v. Webb* is an 8th Circuit case. ECF No. 14 at 8. Upon review, it is actually a 6th Circuit case.

*v. Webb,* the juror expressed obvious bias in favor of the victim while claiming she could still be fair and impartial. In the present action, Juror James expressed no such bias at all, and Pafford has made no demonstration that she had any bias.

Second, Pafford claims his trial counsel's failure to object to Juror Stroud amounts to ineffective assistance of counsel and entitles him to relief. ECF No. 1 at 21-22. This issue was not raised on direct appeal. Thus, absent an exception, this claim has been procedurally defaulted. *See Miller v. Lock,* 108 F.3d 868, 871 (8th Cir. 1997) (citation omitted) (recognizing "both the factual grounds and legal theories on which the claim is based must have been presented to the highest state court in order to preserve the claim for federal review"). Again, Pafford claims the exception that applies is under the standard in *Trevino v. Thaler* and *Martinez v. Ryan* because his trial counsel was ineffective.

Pafford claims Juror Stroud's juror misconduct was that he received a phone call during a lunch break and prior to jury deliberations from a man who had a "contentious" relationship with Pafford.[7] ECF No. 1 at 22. Pafford claims this individual and Juror Stroud "discussed the case." *Id.* Again, Respondent disputes these facts. ECF No. 7 at 30-33. Respondent notes that Juror Stroud *voluntarily disclosed* the phone call to the trial court, and Juror Stroud revealed no facts related to the case. ECF No. 7-5 at 965. Juror Stroud stated the following on the record outside the presence of the jury regarding that conversation: "One of my friends, uh, James Worthey, called and said 'I heard you had been picked on a Jury,' and I told him I couldn't deny or admit anything and I couldn't discuss anything, and that's pretty much verbatim." *Id.* In response to this admission, the trial judge told Juror Stroud the following: "And you did the proper thing telling Worthey that you had nothing to talk about." *Id.* at 966.

---

[7] Pafford again implies Juror Stroud's conduct was deliberate but does not supply a basis for his allegations or establish the facts he claims. ECF No. 1 at 22.

7

Later, at a hearing on a motion for new trial, Juror Stroud testified as follows regarding that conversation with Worthey:

> Q: Okay. So, you only received one phone call during the time that you were deliberating?
>
> A: Yes, sir -- that was prior to the deliberations.
>
> Q: But you didn't receive any phone calls during that period of time?
>
> A: No, sir.
>
> Q Okay. So, you felt that since there was a phone call that you felt that you needed to mention it to the Court?
>
> A: Um huh.
>
> Q: How many times do you hear from James Worthey?
>
> A: We go on a hog hunt every year. I'll spend the night in the deer camp, maybe, one time; maybe, two nights, sometimes. Not as much as I used to. I'd say more occasionally than often, now.
>
> Q: Okay. Did James Worthey indicate anything that was going on with regard to the Paffords when he called and asked you?
>
> A: No, sir.
>
> Q: He didn't say anything derogatory about Mr. Pafford or the Paffords, in general, when that phone call was made?
>
> A: That phone call didn't last but, maybe, five seconds.
>
> Q: Fair enough. Did you have any conversations with him after that that he did not –
>
> A: No, sir.

ECF No. 7-6, at 1229-30.

Based upon the statement of Juror Stroud to the trial court just prior to jury deliberation, Pafford's trial counsel did not raise any objections to Juror Stroud. Coupled with the later more specific testimony of Juror Stroud at the hearing on the motion for new trial, the Court cannot find

trial counsel's failure to object was ineffective assistance of counsel. Such a decision not to object, especially after the trial judge had already stated the juror's conduct was proper, can certainly be characterized as reasonable trial strategy. *See, e.g., Payne v. United States,* 78 F.3d 343, 345 (8th Cir. 1996). Furthermore, as with his claim regarding Juror James, Pafford's claim regarding Juror Stroud is purely speculative. It is well-settled that conclusory or speculative allegations do not satisfy the *Strickland* standard. *See Bryson v. United States,* 268 F.3d 560, 561-62 (8th Cir. 2001). Thus, the Court cannot find this procedural default can be excused by a demonstration of cause and actual prejudice. Likewise, Pafford has not demonstrated a miscarriage of justice will occur if this relief is not granted.

Third, Pafford claims his trial counsel was ineffective for failing to move to quash the jury. ECF No. 1 at 25-26. Pafford claims he was denied a right to a public trial because his family was not allowed in the courtroom during *voir dire. Id.* This is the one issue Pafford raised in his Rule 37.1 Petition. *See Pafford II,* 2019 Ark. App. 195, 574 S.W.3d 735 (2019). This issue was thoroughly addressed by the Arkansas Court of Appeals. That court held the following:

> Here, Pafford made the conclusory assertion that as a consequence of not receiving a public trial, his family was not privy to the responses of potential jurors. He fails to explain how the family members' inability to hear what potential jurors said undermined confidence in the outcome of the trial. Accordingly, Pafford's assertion is speculative and insufficient to meet the burden under *Strickland*.

*Id.* at 738.

This claim was decided on the merits in state court, and the state court's decision is entitled to deference. *See* 28 U.S.C. § 2254(d). The Court can only disrupt such a determination where it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." *Id.* Here, Pafford has not made that showing; thus, the Court must defer to the determination of the Arkansas Court of Appeals.

In his reply brief, Pafford claims the Arkansas Court of Appeals improperly considered the issue as an abuse of discretion issue when the actual issue was whether his counsel was ineffective for *directing* his family to not be present during *voir dire*. ECF No. 14 at 7-8. Pafford completely mischaracterizes these facts. Based upon the opinion by the Arkansas Court of Appeals, the entire analysis was devoted to *Strickland* and the issue of whether his trial counsel was ineffective. *See Pafford II,* 2019 Ark. App. 195, 574 S.W.3d 735 (2019). Accordingly, this claim should be denied.

### B. Claim #2: Photo Admission

Pafford claims his trial counsel was ineffective for failing to take steps to prohibit the introduction of a picture of an erect penis that was taken from a cell phone seized during the execution of the search warrant on his property. ECF No. 1 at 26-28. Pafford claims the search warrant only "authorized a search for two specific phones" and did not authorize a search of a box of seventeen phones located on his property "in a separate shop area of the property." *Id.* Thus, Pafford claims that photo contained in one of those seventeen phones should not have been admitted. *Id.*

Upon review of this claim, Pafford is simply misrepresenting the facts. The search warrant authorized seizure of "[a]ny and all electronic data processing and storage devices" including "cell phones." The search warrant does not mention any specific cell phone other electronic storage device. ECF No. 7-6 at 162. The search warrant included his property (with a legal description) as well as any "residences, any attached or free-standing outbuildings and/or garages and vehicles located on the land parcel." *Id.* at 163. It is disingenuous of Pafford to suggest the search warrant

10

only authorized the search of two cell phones on the main property when it clearly authorizes the search of all electronic storage devices, including cell phones, on all parts of his property.

Pafford claims his counsel was ineffective for moving to suppress this picture. ECF No. 1 at 26-28. Based upon the record, it appears Pafford did not exhaust this issue in state court, and he has procedurally defaulted on this issue. *See, e.g., O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) (recognizing "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). Even if his procedural default were excused, he still cannot demonstrate his counsel was deficient. The search warrant authorized this search and seizure of the cell phone, and his counsel was not ineffective for failing to make a meritless objection. *See, e.g., Rodriguez v. U.S.,* 17 F.3d 225, 226 (8th Cir. 1994) (recognizing "counsel's failure to advance a meritless argument cannot constitute ineffective assistance"). This claim should be denied.

### C. Claim #3: Witness List Deadline

Pafford claims his trial counsel was ineffective because he "missed the deadline imposed by the trial court for submitting a witness list." ECF No. 1 at 4. Pafford claims this was "an error trial counsel admitted was a Rule 37 violation."[8] *Id.* Respondent disputes Pafford's allegations and notes that while some witnesses were not timely disclosed by the discovery cut-off date, the trial court judge did not strike their testimony; instead, both Pafford's attorney and the prosecuting attorney agreed which witnesses would be called. ECF No. 7 at 40-41.

Pafford has not supplied any demonstration as to the substance of this witness testimony. ECF No. 1 at 30-31. Pafford only claims these witnesses were "fact as opposed to opinion"

---

[8] Pafford specifically claims "Harrelson even admitted his failure would support a Rule 37 claim against him." ECF No. 1 at 30. Pafford fails to provide a citation to the record in support of this factual assertion, and Respondent claims there is nothing to support it. ECF No. 7 at 40.

11

witnesses and would have been beneficial to his case. *Id.* He does not even speculate as to what "facts" these witnesses could have offered to help him at the trial. *Id.* Such speculation is certainly not sufficient to support an ineffective assistance of counsel claim. *See, e.g., Armstrong v. Kemma,* 534 F.3d 857, 867-68 (8th Cir. 2008) (recognizing "[o]rdinarily, a defendant's failure to present some evidence from the uncalled witness regarding that witness's potential testimony. . . would be fatal to an ineffective assistance of counsel claim") (internal citations and quotations omitted). Thus, even if Pafford had not procedurally defaulted on this claim (which it appears he did)[9], Pafford still has not offered a basis for relief because there has been no demonstration his counsel was ineffective for failing to call these witnesses. This claim should be denied.

### D. Claim #4: Testimony of State's Witness

Pafford claims his trial counsel failed to properly exclude the state's expert witness from "testifying in a manner suggesting to the jury it was her expert opinion the victim was being truthful." ECF No. 1 at 4.[10] Pafford, again misrepresenting the record in this case, also claims this witness was Juror James's mother-in-law. *Id.*

Upon review, the Court finds this claim is entirely meritless. First, the witness in question is Odia Russette. She is not Juror James's mother-in-law.[11] Second, this claim was adjudicated by the Arkansas Court of Appeals on the direct appeal, and that determination is entitled to deference. As a part of the direct appeal, the Arkansas Court of Appeals made the following finding regarding her testimony:

---

[9] Pafford procedurally defaulted on several of these claims. For the sake of time and to avoid a full analysis as to whether an exception to the procedural default rule applies, the Court will not address all of these defaults but may only address whether counsel was actually ineffective.

[10] The Court notes that trial counsel lacks the ability to exclude a witness. Only the trial court may exclude or admit evidence. Trial counsel may only object to improper evidence including witnesses. As noted below, trial counsel did object to this witness.

[11] Instead, Juror James testified another witness, Kathy House, was her *former* mother-in-law. ECF No. 7-6 at 58. Again, such a mischaracterization of the facts is problematic to this Court.

> Russette explained her encounter and procedure with M.W. [the victim] in an objective manner. She read from her report and stated her conclusion from the physical examination, which she explicitly testified "neither confirmed or refuted" the oral history M.W. provided her. Pafford mischaracterizes Russette's testimony as bolstering M.W.'s credibility. Instead, her testimony was clinical in nature. Upon Pafford's objection to the testimony at the trial, the court conducted a bench conference to discern both arguments and ultimately overruled the objection. Based on these facts, we cannot say the circuit court acted thoughtlessly and abused its discretion.

*Pafford I,* 2017 Ark. App. 700, 537 S.W.3d at 309-10.

This claim was decided on the merits in state court, and the state court's decision is entitled to deference. *See* 28 U.S.C. § 2254(d). The Court can only disrupt such a determination where it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* Here, Pafford has not made that showing; thus, the Court will defer to the determination of the Arkansas Court of Appeals.

Furthermore, even if deference were not appropriate, this claim is still meritless. During Pafford's trial, his trial counsel *did object* to Russette's testimony. The following is reflected in the trial testimony:

> Q: In your training and experience, did you form an opinion as to whether M.W. had been sexually abused?
>
> MR. HARRELSON: Your Honor, objection to that conclusion.
>
> THE COURT: Approach.
>
> BENCH
>
> MR. HARRELSON: I think that particular question is outside the scope of any person's expertise. That's just, basically, asking if he's telling the truth, or not.
>
> MS. MCQUEEN: I think she can 'cause she's an expert witness and she's performed an exam she gave.

13

> MR. HARRELSON: I think that particular opinion invades the providence of the Jury.
>
> THE COURT: Overruled.

ECF No. 7-4 at 46-47. Thus, trial counsel cannot be ineffective for an alleged failure to object to a witness bolstering a victim's truthfulness when he in fact objected to exactly that testimony. This claim borders on being completely frivolous and should be denied.

### E. Claim #5: Failure to Contact "Several Witnesses"

Pafford claims his trial counsel was ineffective because he failed to contact "several witnesses." ECF No. 1 at 4, 30-31. Pafford does not provide the names of these witnesses nor does he proffer the testimony they would have provided. *Id.* Thus, the Court is left to speculate about the identity of the "several witnesses" and the nature of their testimony.

Because Pafford failed to identify the witnesses in question and failed to demonstrate the importance of their testimony (if any), Pafford is not entitled to relief on this issue. *See Sanders v. Trickey,* 875 F.2d 205, 209 (8th Cir. 1989) (recognizing a defendant has the burden of establishing prejudice under *Strickland* and that burden is not relieved when it comes to an attorney's failure to interview potential witnesses). This claim should be denied.

### F. Claim #6: Failure to Interview the Victim's Counselor

Pafford claims his trial counsel was ineffective because he failed to interview the counselor of the victim. ECF No. 1 at 4, 30-31. Again, Pafford does not supply what additional information this would have provided or demonstrate how Pafford was in any way prejudiced by his attorney's failure to interview the victim's counselor. Accordingly, Pafford has not me his burden on this issue. *See Sanders,* 875 F.2d at 209. This claim should be denied.

### G. Claim #7: Comment to Jury

Pafford claims his trial counsel during *voir dire* improperly commented on his decision not to testify in his own defense. ECF No. 1 at 31. Pafford claims his trial counsel "in effect, suggested the jury should look askance at Plaintiff and his defense if he did not take the stand." *Id.* Pafford cites to no such statement by trial counsel in the record.

The Court has reviewed the entire transcript of trial counsel's jury selection in the criminal trial. Contrary to Pafford's statement, at no time did trial counsel make any comment about his not testifying in his own defense. Trial counsel made no implication of such. At most, trial counsel merely asked the jury to consider both sides prior to deciding Pafford's guilt or innocence. His trial counsel told the jury the following: "Can I get each of you to assure me that you can listen to all of the evidence before you make your mind up, just like you do when your kid runs to you, saying one of 'em hit the other? Can y'all do that? Alright." ECF No. 7-3 at 214. Simply put, trial counsel, never made the comments Pafford now accuses him of making.

Such a comment requesting the jury to hear all the evidence before making a decision is not an improper statement on Pafford's right to testify. Furthermore, even assuming trial counsel's statement was improper, Pafford still has not demonstrated such a statement was prejudicial. *See, e.g., Houghton v. State,* 2015 Ark. 252, at 10, 464 S.W.3d 922, 929 (2015) (holding the statement "you haven't heard both sides yet" was not *per se* prejudicial and defendant must meet his or her burden on this issue). Again, Pafford's claim comes perilously close to being frivolous, and this claim should be denied.

### H. Claim #8: Custodial Interview

Pafford claims his trial counsel erred by failing to introduce an "obviously exculpatory" custodial interview. ECF No. 1 at 31-32. During this interview, Pafford claims he denied the

15

victim's allegations, and his trial counsel should have introduced that custodial interview during the trial. *Id.* Respondent admits this document was not admitted into evidence at trial but claims similar evidence was admitted. ECF No. 7 at 49. Notably, Respondent claims the testimony of Special Agent Battle was admitted, and he testified at length to the jury about the substance of the custodial interview. *Id.* Respondent claims that, through Special Agent Battle, the jury heard Pafford refute the victim's allegations multiple times. *Id.*

Upon review, the Court finds with Respondent's argument is merited. Special Agent Battle testified at length to this interview, and he testified Pafford "denied the allegations" and "on more than one occasion." ECF No. 7-4 at 810-20, 827-30. Thus, the pertinent information from this interview was introduced into evidence, and it was not deficient performance for counsel to decline to present cumulative evidence. *See, e.g., Elam v. Denney,* 662 F.3d 1059, 1066 (8th Cir. 2011) (recognizing "it cannot be deficient performance to fail to present cumulative, no-more-favorable expert testimony"). This is especially true where, as here, Pafford did not testify, and the jury may be confused as to why a custodial interview was admitted but his live testimony was not.

### I. Claim #9: Questioning of the Victim

Pafford claims his counsel was ineffective because he questioned the victim as to why he had contact with Pafford after his mother had told him Pafford was a child molester. ECF No. 1 at 5 and 32. Pafford claims such a question demonstrates his counsel was "incompetent and ineffective." *Id.*

Upon review, however, the Court cannot find this was an unreasonable trial strategy. *Strickland* recognizes deference should be given to an attorney's trial strategy: "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance; circumstances, the challenged action might be considered sound trial strategy." 466 U.S. at 689.

Here, Pafford's trial counsel was attempting to undermine the victim's credibility by arguing that even though he had been told that Pafford was a child molester, he still maintained contact with Pafford. Such a continued relationship indicates the victim was not being truthful. Further, trial counsel may have been attempting to show the claims of the victim were actually planted by the victim's mother. Prior to the victim's testimony, Special Agent Battle testified Pafford believed the victim's mother was "crazy as a bed bug, and that, basically, you know, she's had a lot of men in her life and you know the boys and stuff, they didn't have a stable house to live in." ECF No. 7-4 at 307. Such a trial strategy does not meet the standard of deficient performance by Pafford's trial counsel. This claim should be denied.

### J. Claim #10: Other Victims

Pafford claim his trial counsel was ineffective because he failed to prevent State's witnesses from testifying about other victims who did not come forward. ECF No. 1 at 28-30. This argument also applies to Pafford's claim that his Confrontation Clause rights were violated when a witness for the State testified as to a sexual relationship between another individual and Pafford.

These issues—both the Conformation Clause claim and the claim regarding testimony there being other victims—were directly addressed by the Arkansas Court of Appeals on direct appeal. *See Pafford I,* 537 S.W.3d at 311-12. As that court held, "Pafford's trial counsel, testified at the motion-for-new-trial-hearing that he did not object to these statements because he did not want to draw more attention to the fact that there were other victims. . . . This was not unreasonable for counsel to do so." *Id.* That decision is entitled to deference, and Pafford has not provided a

demonstration that an exception to this rule applies. *See* 28 U.S.C. § 2254(d)(1), (2). This claim should be denied.

### 2. Ineffective Assistance of Appellate and Post-Conviction Counsel

Pafford claims his appellate counsel was ineffective for failing to raise "several important errors which occurred at trial, with the result being that issues which likely would have resulted in a reversal of the conviction were ruled upon at the appellate level." ECF No. 1 at 5-6. Pafford also claims his post-conviction counsel failed to properly comply with the procedural rules and only raised one argument when counsel should have raised all of the arguments listed above. *Id.*

Pafford does not provide further elaboration on this issue. Vague and conclusory allegations are an insufficient basis for *habeas* relief. *See, e.g., Spillers v. Lockhart,* 802 F.2d 1007, 1009 (8th Cir. 1986). Thus, the Court will not consider those issues which Pafford has not fully briefed.

The only claim Pafford specifically raises is that his post-conviction counsel did not raise every issue possible as a part of his post-conviction relief. Reasonable strategy for post-conviction relief requires an attorney to limit the appeal to those issues which he or she determines have the highest likelihood of success. *See Parker v. Bowersox,* 94 F.3d 458, 462 (8th Cir. 1996). In the present action, this was the strategy utilized by his post-conviction counsel, and the Court cannot find it was deficient. *See id.* (recognizing "[t]o perform competently under the Sixth Amendment, counsel is neither required nor even advised to raise every conceivable issue on appeal").

Furthermore, as to post-conviction counsel, there is no constitutional right to such counsel. *See Coleman v. Thompson,* 501 U.S. 722, 752 (1991). Consequently, a defendant cannot claim constitutionally ineffective assistance of counsel in such proceedings. *Id.* Thus, any claim that

post-conviction counsel was constitutionally ineffective because he or she failed to follow a procedural rule is not entitled to further consideration. These claims should be denied.

### 3. Denial of Due Process

Pafford claims his Fourteenth Amendment right to due process was violated by Arkansas's post-conviction criminal procedures. ECF No. 1 at 32-47. For instance, Pafford claims the page limitation in these rules violates his Due Process rights. *Id.* Again, however, there are no constitutional protections for state post-conviction proceedings. *See Coleman,* 501 U.S. at 752. Thus, the Court cannot find a Due Process violation and this claim should be denied.

**D.    Conclusion**:

Based upon the foregoing, the Court recommends Pafford's Petition for Writ of Habeas Corpus (ECF No. 1) be **DENIED** in its entirety. Likewise, the Court finds these allegations fail to state a claim upon which *habeas* relief can be granted, and no evidentiary hearing is required. *See Brown v. Lockhart,* 781 F.2d 654, 656 (8th Cir. 1986). The Court further recommends no Certificate of Appealability issue in this matter.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED this 23rd day of July 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE