IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES C. PAFFORD                                                                                          PETITIONER

v.                                              Case No. 4:19-cv-4142

WENDY KELLEY, Secretary,
Arkansas Department of Corrections                                                                 DEFENDANT

## **ORDER**

    Before the Court is the Report and Recommendation by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 10. Judge Bryant recommends that Petitioner James C. Pafford's Emergency Motion for Compassionate Early Release, or Motion for Appeal Bond, or Motion for Medical Furlough (ECF No. 8) be denied. Pafford has responded with objections. ECF No. 11. Respondent Wendy Kelley has filed a response to the objections. ECF No. 13. The Court finds the matter ripe for consideration.

    Pafford is incarcerated in the Ouachita River Unit ("ORU") of the Arkansas Division of Correction ("ADC"), having been convicted of two counts of rape and two counts of second-degree sexual assault of a twelve-year-old child. Pafford was sentenced on February 16, 2016, and he is serving sentences with an aggregate term of fifty years.

    Pafford is before the Court on a petition filed pursuant to 28 U.S.C. § 2254. ECF No. 1. While this petition was pending, Pafford filed the motion at issue. ECF No. 8. Pafford is seeking a compassionate early release, an appeal bond, or a medical furlough because of his high risk of exposure to COVID-19 while in prison and the likelihood he would develop dangerous complications if he was to contract the virus. Pafford states that he is seventy-six years old diabetic who suffers from high blood pressure and thyroid issues. He further states he had open heart

surgery in 2005, uses a walker, has chronic pain, and takes nine different medications daily to manage his poor health.

### A. Objection to Procedural Background

Pafford objects to Judge Bryant's characterization of the testimony underlying his claims as recounted in the "Procedural Background" section of the Report and Recommendation. ECF No. 10, p. 1-2. Specifically, Pafford challenges the statement that "three other victims testified to the sexual advances and abuses suffered at Pafford's hands in his home." ECF No. 10, p. 2. Pafford claims that one of these three persons, Joseph Hardman, was not a victim of sexual abuse because he was over the age of majority and Pafford's sexual conduct with him was consensual. It appears that Hardman was over the age of majority at the time of his sexual encounters with Pafford. However, this detail is irrelevant to the issue of whether Pafford has shown that he is entitled to discretionary release because of health risks associated with COVID-19. Further, there is no indication that the alleged mischaracterization of a testifying witness as "victim" had any effect on Judge Bryant's substantive analysis and determination that risks related to the COVID-19 pandemic do not warrant discretionary release of Pafford.

### B. Compassionate Early Release

Pafford seeks a compassionate early release, arguing that his continued incarceration "constituted cruel and unusual punishment" under the Eighth Amendment. ECF No. 8, p. 6-8. In his Report and Recommendation (ECF NO. 10), Judge Bryant noted the steps the ADC has taken to slow the spread of the virus and that Pafford had served less than five years of his fifty-year sentence. Judge Bryant also noted that Pafford planned to reside with his wife in Hope, Arkansas, if released and that this residence is where his crimes occurred. Judge Bryant found that Pafford's claim was speculative, that he failed to demonstrate that he has any increased risk of contracting

COVID-19 at the ORU, and that generalized fear did not entitle him to relief.

Pafford objects to the finding that his claim is speculative and argues that he has shown an unreasonable risk of serious damage to his future health if he remains incarcerated during the pandemic. While Pafford's concerns about exposure to COVID-19 are understandable, his generalized fear does not entitle him to the relief he has requested. There is no evidence to suggest that Pafford's health conditions are not monitored, controlled, or untreated while incarcerated at ORU. Thus, the Court is not convinced that Pafford's health conditions would necessarily place him at a higher risk of a severe illness from COVID-19.

Pafford further objects to Judge Bryant's finding that he would be a danger if released to his residence in Hope because that is where his crimes occurred. The Court agrees with Judge Bryant's finding given the nature of his crimes and the fact that he would be returning to the residence where the sexual abuses occurred.

**C. Release on Bail or Bond Pending Resolution of the Underlying Habeas Petition**

In his motion, Pafford seeks release on bail or bond pending the resolution of his habeas petition. To obtain a bond pending the resolution of appeal, Pafford must demonstrate a substantial constitutional claim that presents a clear case on the law and a readily evident case on the facts. *Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986). Judge Bryant found that Pafford has not done so, and Pafford objects to this finding. The Court agrees with Judge Bryant's findings. In fact, in a separate Report and Recommendation dealing with the merits of Pafford's habeas petition, Judge Bryant recommends that Pafford's ineffective assistance of counsel claims, as well as all other habeas claims, be denied.[1] ECF No. 15. After review of these claims, the Court finds that Pafford has not demonstrated a substantial constitutional claim that presents a clear case on the law and a

---

[1] The Court will rule separately on the Report and Recommendation (ECF No. 15) that deals with the merits of Pafford's habeas petition.

readily evident case on the facts. Accordingly, the Court agrees with Judge Bryant's recommendation that Pafford is not entitled to bail or bond pending resolution of his underlying habeas petition.

### D.  Medical Furlough

Pafford is seeking a medical furlough because he claims that he "faces a steeply heightened risk of serious illness or death if he contracts COVID-19." ECF No. 8, p. 2. As discussed above, the Court agrees with Judge Bryant that this risk is speculative and does not entitle him to a medical furlough.

Accordingly, based on its own de novo review, the Court overrules Plaintiff's objections and adopts the Report and Recommendation *in toto*. ECF No. 10. Accordingly, Pafford's Motion for Compassionate Early Release, or Motion for Appeal Bond, or Motion for Medical Furlough (ECF No. 8) is **DENIED**.

**IT IS SO ORDERED**, this 29th day of March, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge