IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES C. PAFFORD                                                                                    PETITIONER

v.                                              Case No. 4:19-cv-4142

WENDY KELLEY, Director,
Arkansas Department of Correction                                                        RESPONDENT

## ORDER

Before the Court is the Report and Recommendation by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 15. Judge Bryant recommends that the instant habeas petition should be denied in its entirety and that no certificate of appealability should issue. Petitioner James C. Pafford objects. ECF No. 16. Respondent Wendy Kelley has responded to the objections. ECF No. 17. The matter is ripe for consideration. For the following reasons, the report and recommendation will be adopted.

### I.  BACKGROUND

Following a multi-day trial, a Hempstead County jury found Pafford guilty of two counts of rape and two counts of second-degree sexual assault of a twelve-year-old child. On February 16, 2016, Pafford was sentenced to twenty-five (25) years of imprisonment on each rape count, to be served consecutively. Pafford was also sentenced to five (5) years of imprisonment on each count of sexual assault, to be served concurrently. Pafford's aggregate term of imprisonment totals fifty (50) years. Pafford is currently incarcerated in the Arkansas Division of Correction, which functions within the larger Arkansas Department of Corrections.

Following conviction, Pafford acquired new counsel and filed a motion for new trial. First, Pafford argued that two jurors committed juror misconduct by failing to disclose

connections to Pafford, his family, and his business. Second, Pafford argued that Odia Russette, a sexual-assault nurse examiner, impermissibly bolstered the victim's credibility during her testimony. Third, Pafford alleged that the trial court erred by permitting a picture of his penis to be shown to the jury because it was too prejudicial. Finally, Pafford argued that trial counsel was ineffective for two reasons: (1) failing to suppress the contents of his cell phone because the seizure of the phone exceeded the scope of the search warrant; and (2) failing to object to witness testimony referencing other victims. After a hearing, the trial court denied the motion for new trial.

Pafford appealed his conviction to the Arkansas Court of Appeals, arguing four points: (1) jury misconduct; (2) the trial court erred by allowing expert testimony from Russette concerting the truthfulness of the victim's statements; (3) the trial court erred by allowing the photo of Pafford's penis into evidence; (4) the trial court erred by not granting his motion for new trial based on his ineffective-assistance-of-counsel claims regarding the failure to object to a witness's testimony suggesting there were other victims. The Arkansas Court of Appeals affirmed the convictions on December 13, 2018. *See generally Pafford v. State*, 2017 Ark. App. 700, 537 S.W.3d 302 (2017) (*Pafford I*). The Arkansas Court of Appeals denied rehearing, and the Arkansas Supreme Court denied review.

On May 25, 2018, Pafford filed a petition for relief pursuant to Arkansas Rule of Criminal Procedure 37.1 in the Hempstead County Circuit Court. Pafford's only argument was that trial counsel was ineffective for failing to make an appropriate and timely objection to quash the selected jury and declare a mistrial when the trial court excluded all members of Pafford's family from the courtroom during voir dire. The trial court denied Pafford's Rule 37 petition. On March 29, 2018, the Arkansas Court of Appeals upheld the denial of the Rule 37 petition. *See generally Pafford v. State*, 2019 Ark. App. 195, 574 S.W.3d 735 (2019) (*Pafford II*). The

Arkansas Court of Appeals denied rehearing, and the Arkansas Supreme Court denied review.

Turning to this Court, Pafford applied for relief under 28 U.S.C. § 2254. The petition alleges thirteen claims for relief, summarized as follows: (1) ineffective assistance of trial counsel for failing to object to the jury panel and to two "biased" jurors, Juror James and Juror Stroud, thereby failing to properly preserve the issue for appeal; (2) ineffective assistance of trial counsel for failing to "take appropriate steps" to prohibit the introduction of "highly inflammatory photos;" (3) ineffective assistance of trial counsel for missing the deadline imposed by the trial court for submitting a witness list; (4) ineffective assistance of trial counsel for failing to "properly exclude" the state's expert witness from "testifying in a manner suggesting to the jury it was her expert opinion the victim was being truthful;" (5) ineffective assistance of trial counsel for failing to contact "several witnesses;" (6) ineffective assistance of trial counsel for failing to interview the victim's psychological counselor; (7) ineffective assistance of trial counsel for telling the jurors they needed to hear "both sides" when counsel knew Plaintiff would not be testifying; (8) ineffective assistance of trial counsel for failing to introduce Pafford's custodial interview wherein he "repeatedly denied any criminal conduct;" (9) ineffective assistance of trial counsel for questioning the victim about why he had contact with Pafford if he had been warned about him; (10) ineffective assistance of trial counsel for failing to "take steps both pre-trial and during the trial to prohibit a State's witness from testifying about other victims who did not want to come forward;" (11) ineffective assistance of appellate counsel; (12) ineffective assistance of postconviction counsel; and (13) Arkansas's procedural scheme for postconviction relief fails to provide due process in violation of the Fourteenth Amendment.

Judge Bryant has issued a report and recommendation, recommending that all claims for relief be denied and Pafford's habeas petition be dismissed. Pafford objects.

## II.  DISCUSSION

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* W.D. Ark. Local Rule 72.2(VII)(C).  After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation."  *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  Timely and specific objections will generally trigger *de novo* review.  *See Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).  A "clearly erroneous" standard of review applies to the portions of a report and recommendation that are not objected to.  *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

Pafford's claims for habeas relief can be placed into three categories:  (1) ineffective assistance of trial counsel; (2) ineffective assistance of postconviction counsel; and (3) denial of procedural and substantive due process.  The Court will address each category of claims.

### A.  Ineffective Assistance of Trial Counsel

Within this category of claims, Pafford raises several different instances of alleged ineffective assistance of his trial counsel, each of which he contends warrants a new trial.  Judge Bryant found that most of these claims were procedurally defaulted, and Pafford does not object

4

to the finding that the claims were procedurally defaulted. Instead, he argues that the procedural default should be excused under *Martinez v. Ryan*, 566 U.S. 1 (2012). The Court will address these procedurally defaulted claims first.

### 1. Procedurally Defaulted Claims

A habeas petitioner must "fairly present" his or her claims in state court before seeking habeas relief in federal court. *See Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011); *see also* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State"). When a petitioner fails to fully exhaust his claims in state court, and the time to do so has passed, the petitioner's claims are procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).

Federal habeas review of a procedurally defaulted claim is barred unless the petitioner can: (1) demonstrate "cause" for the default and "actual prejudice" because of the alleged violation of federal law, or (2) otherwise demonstrate that the failure to consider his habeas claim will result in a "fundamental miscarriage of justice." *Id*. at 750. To establish "cause," the petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice, the petitioner must show not that "the errors at . . . trial created a *possibility* of prejudice," but that a constitutional violation "worked to his *actual* and substantial disadvantage." *Id.* at 494 (emphasis in original).

Where there is no constitutional right to counsel, there can be no deprivation of effective assistance. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (per curiam). "There is no constitutional right to an attorney in state post-conviction proceedings." *Coleman*, 501 U.S. at 752. This means that generally, ineffective assistance of counsel during state post-conviction

proceedings cannot serve as cause to excuse factual or procedural default. *See id*. at 752-55.

In one narrow exception, though, a habeas petitioner can avoid procedural default when ineffective assistance of postconviction counsel in an initial-review state collateral proceeding caused a procedural default that bars the petitioner from presenting a claim of ineffective assistance of trial counsel for federal habeas review. *See Martinez*, 566 U.S. at 17; *see also Trevino v. Thaler*, 569 U.S. 413, 429 (2013) (holding that *Martinez* applies if a state's judicial system effectively forecloses direct review of ineffective-assistance-at-trial claims); *Thomas v. Payne*, 960 F.3d 465, 469 (8th Cir. 2020) (describing *Martinez* as applied to Arkansas habeas petitioners).

"Cause" exists under *Martinez* to set aside a procedural default if Pafford shows: "(1) the claim of ineffective assistance of trial counsel was a 'substantial' claim; (2) the 'cause' consisted of there being 'no counsel' or only 'ineffective' counsel during the state collateral review proceeding; and (3) the state collateral review proceeding was the 'initial' review proceeding with respect to the ineffective assistance of trial counsel claim." *Dansby v. Hobbs*, 766 F.3d 809, 834 (8th Cir. 2014); *see also Sasser v. Hobbs*, 735 F.3d 833, 853 (8th Cir. 2013).

As stated above, one of the three *Martinez* elements requires that the otherwise procedurally defaulted ineffective-assistance-at-trial claim be "substantial." *See Dansby*, 766 F.3d at 834. "A substantial ineffective-assistance claim is one that has some merit." *Id*. By contrast, an insubstantial claim "does not have any merit or . . . is wholly without factual support." *Martinez*, 566 U.S. at 15-16.

For the claims that Judge Bryant determined were procedurally defaulted, he found that Pafford has not made a "substantial" claim of ineffective assistance of trial counsel because all the asserted instances of ineffective assistance are meritless and/or lack factual support. Thus, Judge Bryant recommends that *Martinez* does not apply to set aside Pafford's procedural default,

6

so the Court should deny and dismiss these procedurally defaulted claims.

To consider whether an ineffective assistance claim is substantial, the Court uses the standard set by *Strickland v. Washington*, 466 U.S. 668, 687-88, 691-92 (1984). Pafford must show that his trial counsel's conduct "fell below an objective standard of reasonableness . . . under prevailing professional norms," and that counsel's "professionally unreasonable" conduct "prejudiced the defense." *See Sund v. Young*, No. 5:14-cv-5070-KES, 2015 WL 4249405, at *4 (D.S.D. July 13, 2015) (collecting cases applying *Strickland* in a *Martinez* context).

To show prejudice, Pafford "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006). If Pafford does not meet the "heavy burden" of satisfying *Strickland*, *see United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996), then his "ineffective-assistance-of-counsel claim is 'without merit' and cannot be deemed to be a 'substantial' claim under *Martinez*." *Wright v. Hobbs*, No. 5:13-cv-210 KGB-JTR, 2015 WL 2374184, at *6 (E.D. Ark. May 18, 2015).

For the following procedurally defaulted claims,[1] it appears that Pafford is arguing that his attorney in the Rule 37 proceeding was ineffective, which in turn caused the procedural default. As explained above, "[a]n Arkansas prisoner applying for federal habeas relief can 'demonstrate good cause for default' by proving Rule 37 Counsel's ineffective assistance resulted in the failure to raise an ineffective-assistance-at-trial claim in the initial Rule 37 proceeding." *Thomas*, 960 F.3d at 469 (citing *Sasser*, 735 F.3d at 853.

---

[1] The claims are procedurally defaulted because they were not raised in the initial Rule 37 proceeding. Pafford does not dispute that the claims are procedurally defaulted.

### a. Juror James

Pafford claims his trial counsel was ineffective for failing to object to Juror James and Juror Stroud.[2] Pafford claims that Juror James was acquainted with Pafford because James's mother had worked for Pafford's business in Hope, Arkansas. Pafford also claims that James had other connections as well but did not disclose that information to the trial court. Pafford specifically raised the issue related to Juror James as part of his direct appeal, and the Arkansas Court of Appeals addressed the issue. The appellate court found that this issue was not preserved for appeal because trial counsel did not object to Juror James upon learning that her mother had worked for Pafford. The appellate court nevertheless addressed the issue briefly by stating that even if this issue had been preserved, the argument was meritless because Pafford failed "to justify any misconduct and merely repeat[ed] unfounded accusations that require speculation." *Pafford I*, 2017 Ark. App. 700, at 9, 537 S.W.3d at 309.

The ineffective-assistance-of-trial counsel claim related to juror misconduct is procedurally defaulted because it was not raised in state proceedings. Judge Bryant found that the claim was not substantial and thus the procedural default is not excused. Pafford objects, arguing that his trial attorney was incompetent for failing to make the record for appeal. After careful consideration of the trial record, the Court agrees with Judge Bryant.

To determine whether Pafford's trial counsel was ineffective, the Court applies the *Strickland* standard discussed above. First, the Court must determine whether Pafford's trial

---

[2]Pafford's objections do not address the claim involving Juror Stroud. Any ineffective-assistance-of-trial -counsel claim regarding Juror Stroud is procedurally defaulted because it was not raised in state proceedings. Judge Bryant found that the failure of Pafford's trial counsel to object to Juror Stroud did not satisfy the *Strickland* standard, and thus the claim is not substantial under *Martinez* such that the procedural default could be excused. Accordingly, Judge Bryant recommends dismissal of this claim. Because Pafford has not made specific objections to Judge Bryant's findings and recommendations regarding the ineffective-assistance-of-trial-counsel claim regrading Juror Stroud's misconduct, the Court reviews this issue for clear error. *See Grinder*, 73 F.3d at 795. Upon review, the Court sees no clear error on the face of the record and thus adopts the report and recommendation regarding this claim. This claim is not "substantial" under *Martinez* such that the procedural default can be excused.

attorney's counsel was deficient in failing to object to Juror James.  After voir dire but before any evidence was presented in the original case, James asked to speak to the trial court and informed it that she recently remembered that her mother used to work for Pafford.  The trial court asked James that if there was sufficient evidence to convict Pafford, would that cause any problem or awkwardness between her and her mother.  James stated that it would not.  The trial court then asked James if her mother told her anything about Pafford or his history.  James answered no and stated that she just knows Pafford like she knows everyone else in town.  When asked by the trial court if that general knowledge would have any effect on her one way or the other, James said no.  James remained on the jury with no objection by Pafford.

On direct review, the Arkansas Court of Appeals noted that James, on her own, brought the connection to the trial court's attention, that James was straightforward about the connection, and that she was rehabilitated.  *Pafford*, 2017 Ark. App. 700, at 9, 537 S.W.3d at 309.  The Court agrees that Pafford has not identified any misconduct on the part of James,  and thus the Court cannot find that Pafford's attorney was deficient for failing to object to her service on the jury.  Even if Pafford's trial counsel was ineffective, Pafford has not demonstrated any prejudice.

Because Pafford has not shown that his trial attorney's failure to object to Juror James prejudiced his defense as contemplated by *Strickland*, this procedurally defaulted claim is not substantial under *Martinez* and cannot be excused.

### b.  Photo Admission

Pafford claims that his trial counsel was ineffective for failing to move the Court to suppress a picture of an erect penis that was taken from a cell phone seized during the execution of a search warrant on Pafford's property.  Pafford raised this issue in his motion for new trial, presented it at the hearing, and obtained a ruling on the merits.  ECF No. 7-7, at 13.  Pafford then omitted this claim on direct appeal, which caused the claim to be procedurally defaulted.

9

Because the procedural default of this claim was triggered by Pafford's failure to appeal, any ineffectiveness of Pafford's postconviction counsel, if proven, does not constitute cause for default. *See Thomas*, 960 F.3d at 473. In other words, *Martinez* cannot serve as cause to excuse Pafford's default. Thus, the Court cannot hear this claim.

Even if the Court could hear this claim, it is without merit. Pafford claims the search warrant only "authorized a search for two specific phones" and did not authorize a search of a box of seventeen phones located in a shed on his property, which is where the phone at issue was found. Thus, Pafford claims that the photo at issue should not have been admitted into evidence. Judge Bryant found that the search warrant authorized the seizure of the phone at issue.

The search warrant authorized seizure of "[a]ny and all electronic data processing and storage devices, computer and computer systems," including cell phones. ECF No. 7-6, at 162. The search warrant does not mention any specific cell phone. It gives a legal description of the property to be searched and includes any "residences, any attached or free-standing outbuildings and/or garages and vehicles located on the land parcel." ECF No. 7-6, at 163. Thus, the search warrant authorized the search and seizure of any cell phone found on the property, including the shed. Any attempt to suppress the photograph at issue based on an argument that the search warrant did not authorize the search and seizure of the cell phone would have been meritless. The Court cannot find that Pafford's trial counsel was ineffective for failing to make a meritless suppression argument. *See Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (holding "counsel's failure to advance a meritless argument cannot constitute ineffective assistance").

Pafford does not object to the magistrate judge's finding that the search warrant authorized the search and seizure of the cell phone at issue. Pafford instead argues that the cell phone at issue "was not proven to be Pafford's" and thus should not have been admitted into evidence. ECF No. 16, at 6. Pafford does not provide a citation to the record in support of this

factual assertion regarding the ownership of the cell phone. Further, this objection regarding admissibility at trial has nothing to do with whether Pafford's trial counsel was ineffective for failing to make a suppression motion based on the illegal seizure of a cell phone, which is the claim made in his habeas petition. ECF No. 1, at 3, 26-28.

In sum, the Court finds that this claim is procedurally defaulted and cannot be heard by the Court. Even if the claim was not procedurally defaulted, the Court finds it is without merit. Because Pafford has not shown that the failure of his trial counsel to file a suppression motion prejudiced his defense as contemplated by *Strickland*, this procedurally defaulted claim is not substantial under *Martinez* and cannot be excused.

### c. Testimony of State's Expert Witness

Pafford claims that "[t]rial counsel failed to properly exclude the state's expert witness . . . from testifying in a manner suggesting to the jury it was her expert opinion the victim was being truthful." ECF No. 1, at 4. At trial, a sexual-assault nurse examiner, explained her encounter and procedure with the victim. She read from her report and stated her conclusion from the physical examination, which she explicitly testified "neither refuted nor confirmed" the oral history the victim provided her. *Pafford I*, 2017 Ark. App. 700, at *2, *11, 537 S.W.3d at 309. Pafford's trial counsel objected to this testimony, arguing that it was bolstering the victim's testimony. The trial judge allowed the testimony over Pafford's objection.

Judge Bryant correctly noted that trial counsel lacks the ability to exclude a witness and may only object to improper evidence. Further, he pointed out that Pafford's trial counsel did object to the expert testimony. ECF No. 7-4, at 46-47. Thus, Judge Bryant concluded that trial counsel was not ineffective.

Pafford only objects to Judge Bryant's suggestion that this claim "borders on being completely frivolous." ECF No. 15, at p. 14. This one-sentence objection is not specific and

11

does not engage with Judge Bryant's analysis or point to any specific error of law or fact therein. "[G]eneral and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations" do not trigger *de novo* review. *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). Because Pafford has not made specific objections to Judge Bryant's findings and recommendations on these issues, the Court reviews for clear error. *See Grinder*, 73 F.3d at 795.

Upon review, the Court sees no clear error on the face of the record and adopts Judge Bryant's conclusion that Pafford's trial counsel's conduct was not ineffective.[3]

### d. Failure to Contact Several Witnesses

Pafford claims his trial counsel was ineffective because he failed to contact "several witnesses." ECF No. 1, at 4, 30-31. Pafford does not provide the names of these witnesses, and he does not proffer the testimony they would have provided. Thus, Judge Bryant concluded that Pafford could not establish that this failure to contact witnesses prejudiced his defense as contemplated by *Strickland*. Because Pafford has not shown that his trial attorney's conduct prejudiced his defense as contemplated by *Strickland*, the Court finds that this procedurally defaulted claim involving the witness list is not substantial under *Martinez* and cannot be excused.

For his objection, Pafford restates arguments already presented to the magistrate judge. This "does not constitute a viable objection to a report and recommendation." *Munt v. Larson*, No. 15-cv-0582 SRN/SER, 2015 WL 5673108, at *7 (D. Minn. Sept. 23, 2015). Pafford does not point to any specific error of law or fact regarding Judge Bryant's analysis. Thus, the Court reviews for clear error. *See Grinder*, 73 F.3d at 795. Upon review, the Court sees no clear error

---

[3] The Court notes that although the trial court's ruling on this issue was appealed to the Arkansas Court of Appeals, it appears that any ineffective-assistance-of-counsel claim regarding this issue is procedurally defaulted. The procedural default cannot be excused under *Martinez* because there was no ineffective assistance of counsel.

on the face of the record and thus adopts the report and recommendation regarding this issue.

### e. Failure to Interview the Victim's Counselor

Pafford claims his trial counsel was ineffective because he failed to interview the counselor of the victim. ECF No. 1 at 4, 30-31. However, Pafford does not supply what additional information this would have provided or demonstrate how he was prejudiced by his attorney's failure to interview the victim's counselor. Thus, Judge Bryant concluded that Pafford could not establish that this failure to interview the victim's counselor prejudiced his defense as contemplated by *Strickland*.

Pafford objects, arguing that "[i]t is entirely possible the victim's version of what happened or didn't happen varied substantially from counseling session to counseling session" and that "[t]here were probably notes or comments concerning the extent to which the victim was 'coached.'" ECF No. 16, at 7-8. What results an interview with the victim's counselor would have produced is speculative and cannot be used to support a finding that Pafford was prejudiced by a failure to interview the counselor. Because Pafford has not shown that his trial attorney's conduct prejudiced his defense as contemplated by *Strickland*, this procedurally defaulted claim is not substantial under *Martinez* and cannot be excused.

### f. Comment to the Jury

Pafford claims his trial counsel, during *voir dire*, improperly commented on his decision not to testify in his own defense. ECF No. 1, at 31. He claims his trial counsel "in effect, suggested the jury should look askance at [Pafford] and his defense if he did not take the stand." ECF No. 1, at 31. Judge Bryant reviewed the trial transcript and concluded that trial counsel did not make any such comment. Judge Bryant noted that this claim "comes perilously close to being frivolous." ECF No. 15, at 9.

In his objections, "[Pafford] admits he based this [claim] on his memory and upon third

parties' review of the record." ECF No. 16, at 8. He objects to the characterization of his claim as "close to frivolous." ECF No. 16, at 8. As stated earlier, this objection is not specific enough to trigger *de novo* review. Thus, the Court will review Judge Bryant's findings and recommendation on this issue for clear error. *See Grinder*, 73 F.3d at 795.

Upon review, the Court sees no clear error on the face of the record and adopts Judge Bryant's conclusion that Pafford's trial counsel did not improperly comment on Pafford's decision not to testify in his own defense.

### g. Custodial Interview

Pafford claims his trial counsel erred by failing to introduce an "obviously exculpatory" custodial interview. ECF No. 1, at 31-32. Pafford claims that, during the custodial interview, he denied the victim's allegations. Pafford argues that trial counsel should have introduced the exculpatory custodial interview into evidence at trial. Judge Bryant noted that Special Agent Battle, though his testimony at trial, presented the substantive content from the custodial interview, including that Pafford denied the allegations against him. Because the substance of the interview was admitted into evidence and the admission of the interview itself would have been cumulative, Judge Bryant concluded that trial counsel's performance was not deficient. *See Elam v. Denney*, 662 F.3d 1059, 1066 (8th Cir. 2011) (recognizing "it cannot be deficient performance to fail to present cumulative, no-more-favorable expert testimony").

Pafford objects to this finding that trial counsel's performance was not deficient and argues that the custodial interview was the "best evidence" of what Pafford said. ECF No. 15, at 8. However, Pafford makes no argument as to how trial counsel's failure to offer the custodial interview into evidence prejudiced his defense, given that the substance of the interview was offered into evidence through the testimony of Special Agent Battle. Because Pafford has not shown that his trial attorney's conduct prejudiced his defense as contemplated by *Strickland*, this

14

procedurally defaulted claim involving the custodial interview is not substantial under *Martinez* and cannot be excused.

### h. Witness List Deadline

Pafford claims that his trial counsel was ineffective because he "missed the deadline imposed by the trial court for submitting a witness list" and thus was unable to present all of his witnesses. ECF No. 1, at 4. After the prosecuting attorney agreed, Pafford was allowed to call some of these witnesses at trial. Pafford includes a list of witnesses who he claims "should have testified" but does not inform the Court as to the substance of the proposed testimony.

In his report and recommendation, Judge Bryant noted that Pafford had neither presented to the Court the substance of the witnesses' testimonies nor stated any facts these witnesses could have offered to help Pafford at trial. Judge Bryant then determined that Pafford had not shown that his trial attorney's conduct prejudiced his defense as contemplated by *Strickland*. The Court agrees with determination. Consequently, the Court finds that this procedurally defaulted claim involving the witness list is not substantial under *Martinez*.

### i. Questioning of the Victim

Pafford claims that his trial counsel was ineffective because he asked the victim why he had contact with Pafford after the victim's mother had told the victim that Pafford was a child molester. Pafford argues that the only possible suggestion that arises from such an inquiry is that Pafford is, in fact, a known child molester who should be avoided. Judge Bryant found that trial counsel was attempting to undermine the victim's credibility by arguing that, even though he had been warned that Pafford was a child molester, the victim still maintained contact with Pafford. Judge Bryant further found that trial counsel might have been attempting to show the victim's claims were planted by the victim's mother. Thus, Judge Bryant concluded that the question fell within the wide range of conduct that could be considered reasonable trial strategy, which is

consistent with *Strickland*. *See Flieger v. Delo*, 16 F.3d 878, 887 (8th Cir. 1994) (holding that cross-examination that elicited testimony of defendant's violent character and reputation was reasonable trial strategy where intended to discredit the witness's testimony by showing bias against the defendant).

For his objection, Pafford "points to his briefing" before Judge Bryant regarding the issue. ECF No. 16, at 9. Pafford offers no citation to this "briefing." This objection does not engage with Judge Bryant's analysis or point to any specific error of law or fact therein, and thus does not trigger *de novo* review. *See Belk*, 15 F.3d at 815. Further, "[s]imply restating arguments and facts already presented to the Magistrate Judge does not constitute a viable objection to a report and recommendation." *Munt v. Larson*, No. 15-cv-0582 SRN/SER, 2015 WL 5673108, at *7 (D. Minn. Sept. 23, 2015). Because Pafford has not made specific objections to Judge Bryant's findings and recommendations on this issue, the Court reviews for clear error. *See Grinder*, 73 F.3d at 795.

Upon review, the Court sees no clear error on the face of the record and adopts Judge Bryant's conclusion that trial counsel's question could be considered reasonable trial strategy, and thus trial counsel was not ineffective. Further, the Court finds that this procedurally defaulted claim is not substantial under *Martinez* and cannot be excused.

### 2. Claims Preserved for Review

It appears that the following two ineffective-assistance-of-trial-counsel claims were not procedurally defaulted as these claims were adjudicated on the merits by the Arkansas Court of Appeals. When a claim has been adjudicated by a state court, habeas relief is only permissible if the state court's determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding." 28 U.S.C. § 2254(d).

Pafford claims his trial counsel was ineffective because he failed to make appropriate objections during the testimony of some of the state's witnesses. ECF No. 1, at 28-30. At trial, one witness testified that, when he was a teenager, he lived with Pafford's family and walked in on Pafford and another male friend during sexual activity. The male friend was deceased at the time of trial, and Pafford argues that his counsel was ineffective for failing to object to this testimony based on a violation of the Sixth Amendment's Confrontation Clause. The Arkansas Court of Appeals found that the Confrontation Clause was not at issue because the witness testified as to what he saw, and this testimony did not include hearsay statements made by the deceased male friend. *Pafford I*, 2017 Ark. App. 700, at 16, 537 S.W.3d at 312.

Another witness at trial alluded to the fact that there were other victims of Pafford who refused to testify against him. Pafford argues that his trial attorney should have objected to this statement. Trial counsel testified at the motion-for-new-trial hearing that he did not object to this statement because he did not want to draw more attention to the fact that there were other victims. The Arkansas Court of Appeals found that this was reasonable trial strategy. *Id.* at 16-17, 537 S.W.3d at 312. Further, the appellate court noted that the record contained testimony from more than just the victim to corroborate the allegation and that Pafford failed to analyze how this testimony prejudicially affected him. *Id.* at 17, 537 S.W.3d at 312. Thus, the appellate court held that trial counsel's conduct did not constitute ineffective assistance of counsel. *Id.*

In his Report and Recommendation, Judge Bryant noted that the Arkansas Court of Appeals' decision on these issues was entitled to deference and that these claims should be denied. Pafford's objection to the Report and Recommendation regarding these issues simply states, "See objection to I. Claim #9 above." ECF No. 16, at 9. This one sentence objection is not specific and does not trigger *de novo* review. Thus, the Court will review Judge Bryant's

17

findings and recommendations on these issues for clear error. *See Grinder*, 73 F.3d at 795. Giving deference to the Arkansas Court of Appeals' decision on these issues, the Court sees no clear error on the face of the record and adopts Judge Bryant's conclusion that trial counsel's conduct did not constitute ineffective assistance of counsel.

### B.  Ineffective Assistance of Appellate and Post-Conviction Counsel

First, Pafford claims that his appellate counsel was ineffective for failing to raise "several important errors which occurred at trial, with the result being that issues which likely would have resulted in a reversal of the conviction were never ruled upon at the appellate level." ECF No. 1, at 5. Pafford does not elaborate on this statement. Judge Bryant found this allegation was vague and conclusory and thus an insufficient basis for habeas relief. ECF No. 15, at 18. Pafford objects, arguing that failing to raise issues that should have been raised is "*ipso facto*" ineffective assistance of counsel. Pafford cites no legal authority in support of this argument and ignores the legal standard for ineffective assistance of appellate counsel. *See Collins v. Dormire*, 240 F.3d 724, 727 (8th Cir. 2001) (stating that to overcome the presumption that counsel's conduct falls within the wide range of reasonable professional assistance, a petitioner must present evidence that appellate counsel's failure to raise a claim was not an exercise of sound appellate strategy). Pafford has presented no evidence that his appellate counsel's failure to raise certain claims was not an exercise of sound appellate strategy. Thus, the Court agrees with Judge Bryant that this claim should be dismissed.

Second, Pafford generally argues that his post-conviction counsel was ineffective for failing to raise certain ineffective-assistance-of-trial-counsel claims in his Rule 37 petition. This claim does not present a "basis for federal habeas relief because there is no constitutional right to assistance of counsel in post-conviction-relief proceedings, and, as a result, there is no constitutional violation that results from ineffectiveness of counsel in such a proceedings."

18

*Frazier v. Stange*, No. 1:22-cv-41-RWS, 2022 WL 14619850, at*5 (E.D. Mo. Oct. 25, 2022). To the extent that Pafford is arguing certain procedurally defaulted claims fall within the equitable rule announced in *Martinez*, the Court has addressed this argument above within each individual claim.

### C. Denial of Due Process

Pafford claims his Fourth Amendment right to due process was violated by Arkansas's post-conviction criminal procedures. ECF No. 1, at 32-47. Pafford did not raise this due process claim in his state proceedings. Thus, the claim is procedurally defaulted. *See Coleman*, 501 U.S. at 731-32 (explaining that when a petitioner fails to fully exhaust his claims in state court and the time for doing so has expired, his claims are procedurally defaulted). Further, Pafford has made no attempt to show either cause and prejudice or a fundamental miscarriage of justice that would permit the Court to consider the claim. *Id*. at 750. Therefore, the Court cannot consider this claim.

### D. Supplemental Brief

Pafford asserts what appear to be two new claims in a supplemental brief, which he filed several months after his objections to Judge Bryant's Report and Recommendation. ECF No. 20. First, he alleges that his Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated because Juror James committed juror misconduct. Second, Pafford alleges that the trial court, during the Rule 37 proceedings, violated Arkansas law by refusing to allow him to proffer evidence of a portion of the jury deliberations as evidence of the alleged misconduct of Juror James. These claims were not included in Pafford's petition.[4] To the extent this supplement is actually a motion to amend the petition, the motion is denied as untimely. "This case has

---

[4] Pafford did file an ineffective assistance of counsel claim regarding his trial attorney's failure to object to Juror James, and the Court addressed this claim in an earlier section of this Order.

progressed too far to add new claims at this late stage." *Jackson v. Kelley*, No. 5:14-cv-388-DPM, 2017 WL 2304651, at *1 (E.D. Ark. May 26, 2017).

### III. CONCLUSION

Being well and sufficiently advised, and upon *de novo* review of all specific objections, the instant report and recommendation (ECF No. 15) is hereby **ADOPTED** for the above-stated reasons. Pafford's § 2254 habeas petition (ECF No. 1) is **DENIED AND DISMISSED WITH PREJDUICE**. Further, Pafford's Motion for Oral Argument (ECF No. 23) is **DENIED**.

When entering a final order adverse to a habeas corpus petitioner, the Court must issue or deny a certificate of appealability. *See* Rule 11, Rules Governing § 2255 Cases. A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court finds no issue on which Pafford has made a substantial showing of a denial of a constitutional right. Accordingly, the Court will not issue a certificate of appealability in this matter.

**IT IS SO ORDERED**, this 31st day of March, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge